UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MAJOR ROLLO,

    Plaintiff,

v.                                  Case No. 3:19cv4785-MCR-HTC

BOB JOHNSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Major Rollo, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to state a claim for excessive force against Arresting Officer John Doe and for deliberate indifference to a medical need against Santa Rosa County Sheriff Bob Johnson and Wellpath Medical Employee Michelle Lucas. ECF Doc. 1. Upon screening the initial complaint under 28 U.S.C. §§ 1915(e) and 1915A, the undersigned found the complaint was wholly deficient as to Johnson and Lucas, as there were no allegations of wrongdoing alleged against those defendants. Thus, on January 17, 2020, the Court issued an order directing Plaintiff to file an amended complaint either omitting those defendants or clarifying his allegations to state a claim against all named defendants. ECF Doc. 6.

Plaintiff filed an amended complaint on January 20, 2020.  ECF Doc. 7.  The amended complaint, however, was even more deficient than the original, as it failed to state a claim against *any* of the defendants.  Plaintiff failed to amend his complaint as directed to add facts supporting his claims against the medical defendants and, as to Officer John Doe, stated only that "Dept. Do[e] reinjured [his] shoulder and denied [him] medical assistance."  ECF Doc. 7 at 5.  Thus, neither the original complaint nor the amended complaint were sufficient to be served on Defendants.

Despite having already given the Plaintiff an opportunity to amend his complaint, the undersigned gave Plaintiff a second opportunity to do so and attempted to make it very clear to the Plaintiff what he needed to do.  On February 28, 2020, the Court issued an order instructing Plaintiff to file a second amended complaint (1) omitting the defendants against whom he had failed to state a claim and (2) combining all factual allegations he had against Defendant Doe into a single complaint within twenty-one (21) days.[1]  ECF Doc. 8.  The Court warned Plaintiff that failure to submit a second amended complaint as instructed may result in a recommendation of dismissal for failure to prosecute or comply with an order of the Court.

---

[1] The Court informed Plaintiff that an amended complaint supersedes an original complaint and, thus, the second amended complaint must contain **all** of Plaintiff's allegations, including **all facts** he has which describe how Defendant Doe was involved in the alleged constitutional violation. ECF Doc. 8.

Case No. 3:19cv4785-MCR-HTC

The deadline for Plaintiff to file a second amended complaint came and went without any filings from Plaintiff.  Thus, on March 28, 2020, the Court issued an order giving Plaintiff an additional fourteen (14) days to either (1) comply with the Court's February 28 Order by filing a second amended complaint or (2) show cause why his case should not be recommended for dismissal as to all named defendants for failure to prosecute or comply with an order of the Court.  ECF Doc. 9.  The Court again warned Plaintiff that failure to comply may result in a recommendation of dismissal without further notice.

More than a month has passed since the Court issued its March 28 Order to Show Cause, and Plaintiff has neither complied with the Court's February 28 Order as instructed nor responded to the show cause order.  As such, more than five (5) months have passed since Plaintiff initiated this action without an adequate complaint being filed.

Accordingly, it is respectfully RECOMMENDED, that:

1.    This case be DISMISSED WITHOUT PREJUDICE for failure to state a claim, failure to prosecute, and failure to comply with orders of the Court.

2.    The clerk be directed to close the file.

At Pensacola, Florida, this 1st day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.